First case is Vawter v. ReconTrust Company at Al. ReconTrust, yeah, okay. Come forward, Ms. Vawter. Good morning. Essentially, as I understand your complaint, it's that you did not receive the notice that you were required, with which you were required to be served. I received the notice of, well, maybe. Are you satisfied of the defendants? I can't hear you. I'm sorry. I have been requesting the defendants to send me the proper documentation that they own or have my note, my mortgage, my deed. They have proved nothing for me, and they believe that they are the proper party to foreclose on me. I hope this makes sense. Well, as I understand it, there is a notice that you contend was you were entitled to receive before they could act to foreclose on your property. And you state that they did not serve you with that notice? I believe that my loan was with Countrywide Home Loan Inc. I have never been notified from Countrywide in writing or verbally that they were turning or changing my loan to ReconTrust, Bank of New York Mellon, Well, I know you have a number of allegations. One I was really inquiring about is count six of your Second Amendment complaint in which you say you did not receive the 30-day notice, the acceleration notice, prior to their issuing the notice of sale. Correct. Okay. Do you have anything further you want to add about that before we ask your opponent what the facts are with respect to that? Well, I do have my brief. May I read my brief? No, we did. Oh, you haven't read? No, no, we have read it. Oh, okay. Okay, so then do I need to go back over this with you? No, what Teddy will do, we'll ask your opposing counsel what his response is to that claim I just asked you about. Okay. And then if after he responds you have some response you want to make, we'll give you another chance. Okay. All right, thank you. So do I sit back down then? Yes. Good morning, Your Honors. I'm Rodney Ott with a law firm, Brian K., representing the defendant Appelese Recon Trust and Bank of New York Mellon. I've got a bit of a cold here, so I'm fighting off a cough. I'll try to do my best. I know you were asking about count six, which I put in the amended complaint, which alleged that she didn't receive certain notices required under the deed of trust. I mean, the first thing to keep in mind here is that there are two standards of review. Ms. Vauder filed an original complaint, which the court dismissed. That's reviewed under a de novo standard. Then she filed or requested leave to file an amended complaint, which the court denied leave to file that. That is reviewed under an abuse of discretion standard, which the count you're asking about is in the amended complaint. So there's only a small part of this case that's reviewed under the de novo standard. Are you having trouble hearing? Can you hear me? Okay. So anyway, there's only a small part of the case that's reviewed under a de novo standard. Well, whatever standard, is there a response to that allegation? Yes. Yes, Your Honor. First of all, a lot has happened in this case. And one thing is that the whole notice of trustee sale has been canceled. It was canceled back in January of 2013 after the briefing was completed. So the whole claim is moot in any case. Whether she received notice or not, it's moot. Well, what is the status? Is there no sale contemplated now, no foreclosures? There's no. The notice of trustee sale has been canceled. I mean, the bank routinely cancels things once there's litigation and waits for it to sort through. Does that mean you give up when there's litigation? Well, we wouldn't give up. We're going to get it back. No. We have to see what's happened here. She says she didn't get a notice. Did anybody ever say they sent a notice? It's my understanding the bank sent her everything she was entitled to receive. No, maybe your understanding, but is there an allegation in this record that she was sent a notice? Are you prepared to make the allegation? She was sent every notice that she was entitled to receive under the deed of trust. For example, just now she said that the bank gave her no notice that her loan had been transferred to different lending entities. Well, the deed of trust actually says that the loan can be assigned or transferred without notice at all. So Ms. Waters is asking for a lot of this. There are lots of things, but we were trying to ask about one specifically. But after you don't answer that question or do, then I'd like to go to the current status of the case. Yes. You said there's now no longer any dispute. It's all moot because everything's been canceled. No. Certain parts of her case are now moot. Other parts are not because she's claiming damages and such. I think you said this count six is moot about the allegation about lack of notice because the trustee sale has been canceled. For which that notice to which the notice pertain. That's been canceled. So whether you got notice or not doesn't matter. Right. Because it's not going forward. So you're saying count six is moot. It's moot. All right. But the house is still sitting. Well, the house is still in the name of the trust store. Is that right? I mean, no, you haven't gone. You haven't gone forward. You mean the bank has not gone forward with the foreclosure proceedings? No, it has not. In other words, you didn't send out a new notice. We haven't, no. They haven't sent out a new notice. So what is it now? And has she been making her payments, do you know? No, she has not paid anything. So as far as you're concerned, she's still in default. Yes, she's in default. She still owes the amount. The only issue, I guess, from Ms. Vaughter's point of view is she doesn't believe that the owners of the loan are the Bank of New York Mellon. And you can trust her entitled to foreclosure. She disputes who is entitled to foreclosure. But your position now is you're entitled to foreclose. I mean, there are grounds to institute foreclosure proceedings. You just haven't done it. Yeah, she's in default. She's been in default for a long time. There was a notice of trustee sale filed, but then there was a cancellation back in 2013. Okay. So her other claim, the claims that relate to the immediate trustee sale are moot because the trustee sale has been canceled. She has other claims relating to damages for fraud, damages for negligence. Those claims, I believe, would still be alive for you to rule on. All right. Is that all? Well, I can go on at length about more. Well, you don't have to go on at length. I know you probably don't want to hear any more. If you have any other questions. We want to hear all we need to hear from you as far as you're concerned. Have you told us all so far as you're concerned that you need to tell us? One unique thing about the case is that the briefing was completed more than a year ago. Since that time, there have, of course, been a number of additional decisions besides the cancellation of the trustee sale. There have been a number of additional decisions. I wondered if your honors were concerned about how those new decisions had any effect on this case. There's been, for example, the Corbello case decided by the Ninth Circuit, which is totally irrelevant because it involves a loan modification. Why don't we have to hear about it? I'm out of an excess of caution. I thought you might want to. Well, that's totally irrelevant. There's another one, the Zadrozny's case, which I think is very relevant to this case. It came out in the summer of last year from the Ninth Circuit. And it squarely holds that that that the securitization of loans is permissible, that that one bank can transfer a loan to another bank and that a borrower in Miss Waters position is not entitled to all of the notice that she demands. You know, let me make a suggestion. So I was a presiding judge instead of telling telling us about these cases I've never heard about. I think it might be better for you to look at the rules of appellate procedure. Rule 28 J, which says you can file a letter just citing these cases. All right. So we can read them. Okay. Maybe with a little little squib, you know, that encapsulates the holding or something like that. You know, something like that. Don't cause any that are totally irrelevant. Well, I was not sure whether Your Honor would believe they were relevant. So out of an excess of caution, I was prepared to discuss them. But I think that would be great. I think that would be helpful. Okay. Thank you. Thank you. Yes. You do understand that there is now presently no foreclosure proceeding pending. Correct. Okay. What's left of your complaint? Are you complaining that they've transferred it from one banking institution to another? Your Honor, according to this substitution of trustee Arizona, Mears is just a beneficiary. And paragraph 24, substitute trustee lender may for any reason or cause from time to time remove trustee and appoint a successor trustee and trustee appointed here under. It does not allow for the beneficiary to do so. Therefore, this substitution of trustee Arizona dated 9-19-2008 and recorded in the public Maricopa County records. My complaint and what I'm trying to get this reinstated, that I believe I have proved here in my brief and other things that they are fraudulent. Did you pay anybody? To do what? The payments on your house. I believe. You say they are fraudulent. I gather you're saying they are claiming that they are entitled to the payment and they are not. But that means, did you pay anybody? That's why I ask you, did you pay anybody? But this is just it. I'm trying to find out who I'm to be paying. I was paying countrywide and never was I informed. When did you stop paying countrywide? I believe that the mortgage is paid in full, evidence from the PSA, then REMIC. You believe what? Well, because first of all, the, I have the, I'm so sorry. Your statement is you stopped making payments because you believe you paid in full? You're not saying you continue to make payments to anybody, countrywide or anybody else, did you? I did for a very, very long time. But when did you stop? When countrywide came into my life, they pretty much nailed my coffin shut. I got no help. Nothing but lies. I got nothing. Nobody would help me. I did the best I could. And if I was going to. Maybe I should stop asking questions. All I want to do is help you make your record if you've got a record to make because he's going to come and rebut. So you know somebody had to make payments, be paid. And I gather what you're saying is that you stopped making payments because you considered the loan paid in full. Is that what you said? Yes. And why did you consider the loan paid in full? Did you get any notice saying it was paid in full? Well, I believe that I owe someone, but I do not owe the defendants. They are not the proper and legal authority. Now, if I'm wrong, I would like them to prove to me that they have the authority in the original papers loan, deed, documents, I would like them to prove it to me. And this is what I have been asking for the past several years. And they have not provided or proved anything. They send me the same old, same old, same old. Well, my. So are you saying you continue to make payments to Countrywide who you thought you owed? Well, Countrywide is apparently no longer. Everything has been in a tailspin for the past several years. But what, when I kind of investigated in trying to get this going here, then to understand, the pooling deed was filed, I believe June, it was filed June 30th, 2006. And I believe they tried to put it back on May 31st, 2011, into a trust which has been closed date since 2006. I do understand that you cannot take it out and you cannot put it back. And the real estate, they are defrauding investors and violating real estate mortgage investment conduit REMIC, an international revenue service IRS. Or the note and mortgage are not in trust and appellees are trying to defraud the appellant in this action. What they continue to give me is nothing. They give me no proof that they are the lenders, they are the trustees. I can't assure you of this, but perhaps we can review the records and determine whether it is possible to tell from those records to whom you may owe the money. If we could do that and could straighten that out, that might solve the problem, or at least we might try to see if we could straighten that out. I'm not sure we can because I don't know whether we have enough in the record. But if we can, we may be able to issue an order that will help satisfy you as to whom you owe the money, whether it's the people who are asking or countrywide or someone else. Okay, Your Honor. All right. Thank you very much. The case is adjourned and will be submitted.
judges: Farris, Reinhardt, Tashima